Cabell, P.
delivered the opinion of the Court.
The deed of the 14th of January 1842, by Harper, Hardy if Co. to William Boyd, does not appear to have been preceded by any demand by any of the creditors of Harper, Hardy & Co. for security for the payment of the debts due to them; much less by any treaty or *76 agreement for such security. The execution of the deed seems to have been purely spontaneous on the part of Harper, Hardy & Co., and was intended for the jaU(ja|jje pU1.p0se 0f providing a fund for the payment of dieii' debts; giving certain preferences, however, to particular creditors. It embraced all their property of every kind, including all debts and sums of money due to them. The trustee is directed to sell the property in possession, and to collect, by suit or otherwise, as he may deem best, all the debts conveyed and transferred to him by the deed ; and there is a proviso, that “ in all cases of settlement with persons owing debts and sums of money to the said Harper, Hardy & Co., such persons shall be allowed a credit for any debts or sums of money that may be due to them from any of the members individually of said firm of Harper, Hardy & Co., if the same shall have arisen prior to the execution of this deed.”
Although it would have been competent to Harper, Hardy & Co., under certain circumstances, to transfer the acceptances of Fry & Co., so as to deprive them of the right to setoff the amount of their claims against the said acceptances, yet the Court is of opinion that that effect has not been produced by the transfer made in this case. Harper, Hardy & Co. meditated no such injustice. They intended to place the trustee in the same situation, in relation to the debts due to them, which they themselves occupied; and to assign to him only that which they themselves ought, in justice, to assign: namely, the balance that might be due to them after the allowance of just credits. If the general terms of the deed, and the circumstances under which it was executed, should be thought to raise any doubt on the subject, that doubt is removed by the special proviso allowing the benefit of setoffs in favour of debtors of the firm having claims against the individual members of the firm. Debtors of the firm being allowed to setoff *77 against the firm, debts due to them from the partners individually, must, a fortiori, he allowed to setoff claims due to them from the firm itself.
The order of the Chancellor is, therefore, reversed, and the injunction is reinstated; and the cause is remanded, to be farther proceeded in, according to the principles of this decree.